Burket, C. J.
It is urged in behalf of defendants in error, that under section 4158, Revised Statutes, the rights of James, whether legal or equitable, descended to his son, Darlton. This is true, but *245 James Nad only an equity, the legal title remained in his father, John. It is also urged, that John made a deed to James for the lands, and retained the same undelivered, as a security for the unpaid purchase money. This is conceded, but the fact still remains, that by retaining the undelivered deed, he thereby retained the legal title to the lands in himself, and the guardian of Darlton, had to pay two thousand • two hundred dollars, to obtain the legal title from John, and upon paying that sum, the legal title passed from John, not by virtue of the undelivered deed, but by operation of the decree of the court, and thereby the legal title vested in Darlton by purchase, and not by descent.
As to John Higgins, it must be perfectly clear, that he parted with the legal title to the lands by a sale thereof, and not by easting the title by descent on another; and it is equally clear, that if John parted with the legal title by sale, that Darlton acquired the legal title by purchase. The legal title passing from John to Darlton, could not go from John by sale, and be received by Darltou by descent. Being a sale of the legal title by John, it was a purchase by Darlton, and Darlton Higgins therefore received the legal title by purchase and not by descent. True, he inherited from his father whatever equity the father had in the lands, but in determining questions as to whether lands came by purchase or descent, regard is had to the legal title alone, uninfluenced by considerations of equity. Patterson v. Lamson, 45 Ohio St., 77; Stembel v. Martin, 50 Ohio St., 495.
The controlling facts of this case are conceded by the parties, and in such cases, upon a reversal, this court may proceed and render such judgment *246 as the circuit court should have rendered. Minnear v. Holloway, 56 Ohio St., 148.
The circuit court erred in applying the law to the conceded facts and its judgment is therefore reversed, and a decree entered in favor of the plaintiff in error, quieting her title to said lands in fee simple.

Judgment accordingly.